{¶ 115} I concur with the majority's disposition in Assignment of Error II. However, I do believe it was error to admit appellant's 1980 expunged conviction because of its age and because of the Ohio General Assembly's specific purpose in permitting rehabilitated first offenders to expunge a conviction. I would find such error was harmless given the admissibility of the 1998 conviction and prior civil lawsuits.
 {¶ 116} I further concur with the majority's decision in Assignment of Error IV. However, I would find the trial court's method of questioning and comments slipped beyond the pale. Trial courts are regarded by jurors as the impartial convenor and safety valve during the fray of litigation. The trial court's comments were clearly objectionable. It is unfortunate that in an adversary system, an objection to a trial court's question has a chilling effect on the jury and on the objection. Immediately, it is presumed the objection is trying to hide something or appellant's case was damaged by the comments. Nevertheless, without an objection, I would find the majority was correct
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs assessed to Appellant St. Vincent.